**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X

RAVEN MOSES, STARAISHA MORRIS, DWAYNE          Civ Action No.:
DALE, and ISMAIYL JONES, individually and on behalf
of themselves and all   current and former employees,          **COMPLAINT**

                                              Plaintiffs,

           -against-
                                              **FLSA COLLECTIVE**
GRIFFIN INDUSTRIES, LLC, MICHAEL SMITH,          **ACTION AND RULE**
*Individually*, WINSTON SMITH, *Individually*,          **23 CLASS ACTION**
ANDREW MUNIZ, *Individually*, AARON MUNIZ,
*Individually*, DANE YEE, *Individually*, MARIO LOPEZ,
*Individually*, GRIFFIN SECURITY SERVICES, and
CONSOLIDATED EDISON COMPANY OF NEW YORK,
INC.,

                                              Defendants.
----------------------------------------------------------------------X

           Plaintiffs, RAVEN MOSES, STARAISHA MORRIS, DWAYNE DALE, and

ISMAIYL JONES (hereinafter "Plaintiffs") on behalf of themselves and all other current

and former employees similarly situated, by and through their attorneys, LAW OFFICE

OF GEORGE T. PETERS, PLLC, allege, upon personal knowledge as to themselves and

upon information and belief as to all other matters, against Defendants, GRIFFIN

INDUSTRIES, LLC, MICHAEL SMITH, WINSTON SMITH, ANDREW MUNIZ,

AARON MUNIZ, DANE YEE, MARIO LOPEZ, (hereinafter collectively,

"Defendants"), CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

(GRIFFIN INDUSTRIES, henceforth "Griffin"); and, (MICHAEL SMITH, WINSTON

SMITH, ANDREW MUNIZ, and AARON MUNIZ henceforward collectively, the

"Individual Defendants"),  GRIFFIN SECURITY SERVICES, INC. ("Griffin Security"),

and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., ("CON ED") as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action, on behalf of themselves and all other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").   Plaintiffs seek, for themselves and all other current and former employees similarly situated, unpaid wages, liquidate damages, unpaid overtime, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §§ 216(B) and 217, and all other applicable federal law from Defendants.

2.      Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq., § 195(1),(3), (4), and (6) ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, unpaid wages, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

3.      Plaintiffs also bring this action, on behalf of themselves and all other current and former employees similarly situated, to remedy violations of the United States Department of Labor Occupational Safety and Health Administration (OHSA) standards, including 29 CFR 29 § 1910.132 and CFR § 1910.141(c)(1)(i) violations from Defendants, GRIFFIN INDUSTRIES, LLC, GRIFFIN SECURITY SERVICES, INC., and CONSOLIDATE EDISON COMPANY OF NEW YORK, INC.

2

4.     Plaintiffs also bring this action, on behalf of themselves and all other current and former employees similarly situated, to remedy violations of the New York State Department of Labor, Bureau of Public Work Prevailing Wage Rates and NYLL § 220, violating Workers' Compensation Laws in accordance with § 142 of the New York State Finance Law, Violating New York State Unemployment Insurance Laws, and reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief pursuant to 29 U.S.C. §§ 216(b) and 217, from Defendants for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), the New York Code of Rules and Regulations ("N.Y.C.R.R.").

5.     This is an action brought by Plaintiffs challenging acts committed by Defendants against Griffin employees amounting to collective and class claims of violations of Federal Wage and Hours Laws, New York State Wage and Hour Laws, New York State Labor Laws, and OHSA safety standards.

6.     Plaintiffs also bring this action on their own behalves and those similarly-situated pursuant to the Federal and State laws requiring overtime pay. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiffs and similarly situated employees their statutorily required overtime pay in accordance with the Federal and New York State statutory requirements.

7.     Defendants committed fraud by forcing Plaintiffs and similarly situated employees to "join" and pay dues for a non-existent International Brotherhood of Electrical Workers (IBEW) union shop.

3

8.      Defendants did not pay Plaintiffs and all other current and former employees similarly situated, the New York State Department of Labor Prevailing Wage rates under New York Labor Law § 220.

9.      Defendants forced Plaintiffs to pay One Hundred Fifty Dollars ($150.00) for faulty, non-reflective, safety equipment before employment could begin.

10.     Defendants, Griffin, Michael Smith, and Winston Smith, did not comply with the New York State's Department of Labor (Title 12 NYCRR 142) "Spread of Hours" law when Plaintiffs worked days that began and ended more than ten (10) hours apart in a single day a New York State violation.

11.     Dwayne Dale and all other similarly situated employees were compelled to pay Fifty Dollars ($50.00) to Individual Defendants, Dane Yee or Mario Lopez, before beginning employment with GRIFFIN.

12.     Griffin paychecks were often returned to employees because the Griffin bank account lacked sufficient funds to pay employees.  Consequently, only certain J. P. Morgan Chase banks would cash Griffin paychecks.  Plaintiffs would have to pay J. P. Morgan Chase to cash Griffins often dishonored checks.  Consequently, Plaintiffs would often be forced to wait weeks for pay as well as pay fees to their banks for Griffin's dishonored checks.

13.     GRIFFIN INDUSTRIES, LLC, GRIFFIN SECURITY SERVICES, INC., and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., ("CON ED") violated United States Department of Labor Occupational Safety and Health Administration laws and regulations; and, any other cause(s) of action that can be inferred from the facts set forth herein.  Defendant, Con Ed, through its employees or

4

agents, prevented Plaintiffs and all other similarly situated employees from taking bathroom breaks under the threat of indefinite suspension in violation of the United States Department of Labor Occupational Safety and Health Administration (OHSA) regulation, 9 CFR §1910.141(c)(1)(i).

14.    Defendant, Con Ed, through its employees or agents, prevented and all other similarly situated employees from taking breakfast, lunch or dinner breaks under the threat of indefinite suspension.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 217 and 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

16.    The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

17.    Venue is proper in this Court pursuant to 29 U.S.C. § 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred..

18.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) by virtue of Griffin's and Con Ed's purposeful availment of the laws of the State of New York by marketing, promoting, and/or offering its products and services to companies which have outlets nationwide, including this district.

19.     This Court has personal jurisdiction over Griffin and Con Ed by virtue of their purposeful availment of the laws of the State of New York by marketing, promoting, and/or offering its products and services to companies which have outlets nationwide, including this District. Furthermore, Griffin and Con Ed hire, hires and hired employees from this state.

**PARTIES**

20.     Plaintiff, Raven Moses, is a citizen of the State of New York and resides in Westchester County, New York.  At all relevant times, Raven Moses was employed by Defendants as a flagwoman, as described herein, from December 2016 until the present.

21.     Raven Moses' written consent to sue is attached hereto as Exhibit "A."

22.     Plaintiff, Staraisha Morris, is a citizen of the State of New York and resides in Bronx County, New York.  At all relevant times, Staraisha Morris was employed by Defendants as a flagwoman, as described herein, from December 2016 until the present.

23.     Staraisha Morris' written consent to sue is attached hereto as Exhibit "B."

24.     Plaintiff, Dwayne Dale, is a citizen of the State of New York and resides in Bronx County, New York.  At all relevant times, Dwayne Dale was employed by Defendants as a flagman, as described herein, from June 2017 until the present.

25.     Dwayne Dale's written consent to sue is attached hereto as Exhibit "C."

26.     Plaintiff, Ismaiyl Jones, is a citizen of the State of New York and resides in Westchester County, New York. At all relevant times, Ismaiyl Jones was employed by Defendants as a flagman, as described herein, from March 2016 until the present.

27.     Ismaiyl Jones' written consent to sue is attached hereto as Exhibit "D."

28.     Defendant Griffin is a New York State domestic corporation organized under the laws of the State of New York with its principal place of business at 587 Crescent Avenue, Bronx, New York 10458.

29.     Defendant Griffin Security is a New York State domestic corporation organized under the laws of the State of New York with its principal place of business at 242 W. 36th Street, 4th Floor, New York, New York 10018.

30.     At all times relevant, Defendant Michael Smith, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

31.     At all times relevant, Defendant Michael Smith, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

32.     At all times relevant, Defendant Winston Smith, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

33.     At all times relevant, Defendant Winston Smith, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

34.     At all times relevant, Defendant Andrew Muniz, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

35.     At all times relevant, Defendant Andrew Muniz, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

36.     At all times relevant, Defendant Aaron Muniz, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

37.     At all times relevant, Defendant Aaron Muniz, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

38.     At all times relevant, Defendant Dane Yee, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

39.     At all times relevant, Defendant Dane Yee, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

40.     At all times relevant, Defendant Mario Lopez, was the owner, chairman/chief executive officer, manager and/or operator of Defendants, Griffin and Griffin Securities, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

41.     At all times relevant, Defendant Mario Lopez, was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

42.     At all times relevant, Defendant Consolidated Edison Company Of New York, Inc., was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

43.     Griffin, Griffin Security, and Con Ed each grossed more than Five Hundred Thousand Dollars ($500,000.00) annually.

44.     Defendants have employees who handle goods and/or materials that have been moved in or produced in interstate commerce.

45.     At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

45.     Defendants, Griffin and Griffin Security, operate a Con Ed flagger site businesses in Bronx, New York and New York, New York.

46.     Con Ed provides electric, gas, and steam to New York City and Westchester County, New York.

47.     Upon information and belief, Defendants hire fifty (50) new employees every week.

48.     A portion of the new hires were from NYC Workforce.

49.    At all times relevant hereto, Griffin and Griffin Security employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as non-exempt employees.

50.    Defendants scheduled Plaintiffs to appear at Griffin for work assignments at 5:30 a.m. but would not start the pay clock until Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members appeared at Con Ed.

51.    Plaintiffs would not "clock in" at Griffin but would instead "sign in" to demonstrate their availability to work.

52.    Defendants generally required Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, to work more than 40 hours per work week.

53.    Defendants normally assigned Plaintiffs to work - and Plaintiffs worked - from 5:30 a.m. until their specific assignment completed on weekdays and on weekends.

54.    Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly were religiously shorted for hours worked.  For example, if a Plaintiff worked eighty (80) hours in a week that Plaintiff would only receive pay for sixty (60) hours.  This is separate from the not being paid from 5:30 a.m. portion of this matter.

55.    Defendants paid Driver Plaintiffs $14 per hour but less than $21 per hour for overtime which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

55.    Defendants paid Driver Plaintiffs and the FLSA Collective Plaintiffs and the Class Members a bi-weekly rate of pay.

56.    Defendants did not pay Plaintiffs and the Class Members an overtime premium for all hours worked in excess of 40 hours per work week as required by the NYLL.

57.    Defendants failed to pay Plaintiffs and the Class Members spread of hours pay for the days they worked 10 or more hours per work day

58.    Defendants neglected to pay Plaintiffs and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

59.    Defendants failed to pay Driver Plaintiffs and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all hours worked in excess of 40 hours per week.

60.    Upon information and belief, Defendants violated NYLL § 195(1), (3), (4) and (6) by failing to furnish Plaintiffs a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.    Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and

11

maintain for six years. In addition, Defendants also failed to furnish Plaintiffs and the Class Members with a statement of every payment of wages, listing accurately, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed. Finally, Defendants neglected to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee.

61.     Defendants failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1), (3), (4), and (6).

62.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

63.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

**COLLECTIVE ACTION ALLEGATIONS**

64.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants at any during the three years prior to the filing of the original

12

Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

65. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek after paying Fifty Dollars ($50.00) before beginning employment. The claims of the Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

66.    Other non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

67.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

68.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to CPLR Article 9, to recover unpaid overtime pay and other damages on behalf of all non- exempt individuals employed in the State of New York by Defendants at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"), as well as OSHA safety violations. All said persons, including Plaintiffs, are referred to as the "Class Members" and/or the "Class".

69.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under CPLR Article 9.

70.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendants, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least forty members of the Class.

71.     Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for (i) overtime hours worked as required by 12 N.Y.C.R.R. § 142- 2.2; (ii) spread of hours pay as required by N.Y.C.R.R. §§ 142-2.4, 142-2.18and (iii) failed to provide them with proper notices and/or documents as

required by NYLL § 195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

72.     Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

73.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained the Law Office of George T. Peters, PLLC, an experienced employment and class and collective action litigation firm.

74.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however,

treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

75.     Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

76.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated time and failed to compensate the Class Members with the minimum wage for all hours worked as required by 12 NYCRR § 142-2.1, (b) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, (c) whether Defendants required Class Members to work in excess of ten hours a day and failed to adequately compensate the Class

Members for "spread of hours" pay, (d) whether Defendants provided Class Members with the notices required by NYLL § 195(1), and (e) whether Defendants provided Class Members with sufficiently detailed statements as required by NYLL § 195(1)(3)(4) and (6).

77.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage – FLSA, Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

78.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

79.     Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a), in addition, Defendants obligated Plaintiffs and the FLSA Collective Plaintiffs to pay Fifty Dollars ($50.00) before starting employment.

80.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

81.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

82.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

83.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

84.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

85.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

86.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage and Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

87.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

88.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

89.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

90.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

91.     Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Spread of Hours – NYLL - Brought By Plaintiffs on Behalf of Themselves and the Class Members)**

92.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs.

93.     Plaintiffs and the Class Members regularly worked more than 10 hours in a workday.

94.     Throughout the Class Period, Defendants willfully and intentionally failed to compensate Plaintiff and the Class Members additional compensation of one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by the NYLL.

95.     By virtue of Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

96.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

97.     Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid spread of hours wages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
**(Notice Violations & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

98.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

99.     Defendants failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and the Class Members as his/her primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §

191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.    Defendants willfully failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

101.    Defendants failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and the Class Members as his/her primary language, furnishing each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed.

102.    Defendants failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and the Class Members as his/her primary language, documentation that would establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

103.    Defendants failed to supply Plaintiffs and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiffs and the Class Members as his/her primary language, documentation that would notify any employee terminated from employment, in writing, of the exact date of such termination as well as the exact date of cancellation of employee benefits connected with such termination. In no case shall notice of such termination be provided more than five

working days after the date of such termination. Failure to notify an employee of cancellation of accident or health insurance subjects an employer to an additional penalty.

104.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants $200 for each workday for violations that occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations occurred or continue to occur, or a total of $2,500 or $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

### SIXTH CLAIM FOR RELIEF
**(OHSA) violations including 29 CFR §§ 1910.132 and § 1910.141(c)(1)(i),**
**Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

105.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

106.    Defendants failed to provide protective equipment to Plaintiffs with protective equipment pursuant to 29 CFR §§ 1910.132.

107.    Further, Defendants obligated Plaintiffs and the Class Members to purchase faulty, non-protective protective clothing for One Hundred Fifty Dollars ($150.00).

108.    Further, Plaintiffs and the Class Members were not allowed to take bathroom breaks or eating breaks per Con Ed employees and agents under the threat of indefinite suspension.

109.    Bathroom facilities were not provided to Plaintiffs and the Class Members as opposed to Con Ed employees and agents and Plaintiffs and Class Members were damaged thereby.

## SEVENTH CLAIM FOR RELIEF
### (Prevailing Wage Rate – NYLL - § 220 Brought By Plaintiffs on Behalf of Themselves and the Class Members)

110.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

106.    Defendants failed to observe the Prevailing Wage Rate and all protections under NYLL § 220.

107.    The Prevailing Wage Rate as of July 1, 2017 until May 7, 2018 for a Flagger in Westchester County, New York is Twenty Eight Dollars and fifty four cents ($28.54) per hour.

108.    Upon information and belief, the Prevailing Wage Rate for a Flagger in New York City is comparable if not more.

109.    Even with overtime pay, Plaintiffs and the Class Members did not receive wages as those required by the New York State Department of Labor for a flagman's job.

110.    The New York State Department of Labor includes a job description for "flaggers" as: A flagger's duties shall consist of traffic control only.

111.    Plaintiffs and the Class Member shave been damaged caused by being improperly paid the rate for other flaggers.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective

Plaintiffs, and the Class Members, pray for relief as follows:

(a)     Designation of this action as a collective action on behalf of the FLSA

        Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §

        216(b) to all similarly situated members of the FLSA opt-in class,

        apprising them of the pendency of this action, and permitting them

        to assert timely FLSA claims in this action by filing individual Consent to

        Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Certification of this action as a class action;

(c)     Designation of the Named Plaintiff as Representative of the FLSA

        Collective Plaintiffs and Class Representative of the Class;

(d)     An award of damages, according to proof, including FLSA and NYLL

        liquidated damages, and interest, to be paid by Defendants;

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L.

        §§ 663, 198 and other applicable statutes;

(g)     Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems

        necessary, just and proper.

Dated: February 8, 2018
       Bronx, New York

                        Respectfully submitted,




                        George T. Peters, Esq. (GP2661)
                        LAW OFFICE OF GEORGE T. PETERS, PLLC
                        *Attorneys for Plaintiffs*

2510 Valentine Avenue, 3rd Floor
Bronx, New York 10458
Tel: 347.751.0157