USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAVEN MOSES, STARAISHA MORRIS, DWAYNE DALE, ISMAIYL JONES, *individually and on behalf of themselves and all current and former employees*, and AYANNA BEACHAM and ANDRE MURRAY

                  **Plaintiffs,**

-v.-

GRIFFIN INDUSTRIES, LLC, MICHAEL SMITH, *individually*, WINSTON SMITH, *individually*, ADNDREW MUNIZ, *individually*, AARON MUNIZ, *individually*, DANE YEE, *individually*, MARIO LOPEZ, *individually*, GRIFFIN SECURITY SERVICES, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1430, GRANT ASSOCIATES, NIQUE IRVING, SEXTON ALSON, and WORKFORCE 1,

                  **Defendants.**

18-CV-1200 (ALC)

**OPINION AND ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiffs Raven Moses, Staraisha Morris, Dwayne Dale, Ismaiyl Jones, Ayanna Beacham, and Andre Murray (collectively, "Plaintiffs") bring this putative class action against Defendants Griffin Industries, LLC and Griffin Security Services, Inc., Consolidated Edison Company of New York, Inc. (hereinafter, "Edison"), International Brotherhood of Electrical Workers Local 1430 (hereinafter, "Local 1430"), and Grant Associates (collectively, "Corporate Defendants"), as well as Defendants Michael Smith, Winston Smith, Andrew Muniz, Aaron Muniz, Nique Irving, and Sexton Alston (collectively, "Individual Defendants"). Plaintiffs allege

violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York State Unemployment Insurance Laws. Additionally, Plaintiffs assert fraud claims against Corporate Defendants. Defendant Edison now moves to dismiss all claims asserted against it.

## PROCEDURAL HISTORY

Plaintiffs initiated this case on February 9, 2018. ECF No. 1. Plaintiffs filed their Complaint on February 22, 2019. ECF No. 3. A Pre-Motion Conference was held by Judge John G. Koeltl on April 17, 2018. ECF No. 20. Judge Koeltl granted Plaintiffs leave to amend their Complaint, and granted Defendants leave to file a motion to dismiss.[1] *Id.* On April 25, 2018, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 24. On May 11, 2018, Defendant Edison filed a Motion to Dismiss along with supporting documents. ECF Nos. 26-27. On June 15, 2018, after multiple extensions, Plaintiffs filed their Opposition to Edison's Motion. ECF No. 38. On July 3, 2018, Edison submitted a Reply to Plaintiffs' Opposition. ECF No. 40.

After considering multiple Letter Motions from the Parties, the Court granted Plaintiffs leave to amend their FAC. ECF Nos. 42-48. Additionally, the Court denied Defendant Edison's Motion to Dismiss, without prejudice. ECF No. 48. The Court then granted both Defendant Edison and Defendant Local 1430 leave to file motions to dismiss following Plaintiffs' amendment. *Id.* On August 8, 2018, Plaintiffs filed a Proposed Amended Complaint. ECF No. 51. After a subsequent request to amend the Complaint was granted, Plaintiffs filed their Third Amended Complaint ("TAC") on August 15, 2018. ECF Nos. 53, 56.

Defendant Edison filed a Motion to Dismiss the TAC on August 29, 2018. ECF Nos. 58-59. Plaintiffs opposed Defendant's Motion on September 12, 2018. ECF No 64. Defendant filed

---

[1] On June 8, 2018 this case was reassigned to the undersigned.

a Reply on September 23, 2018. ECF No. 65. Defendant's Motion is deemed fully briefed. After careful consideration, Defendant's Motion to Dismiss Plaintiffs' TAC is **GRANTED** in part and **DENIED** in part.

## BACKGROUND[2]

Although the instant Motion is brought by a single Defendant, a brief overview of the facts surrounding this case is helpful.

Defendants Griffin Industries, LLC and Griffin Security Services (collectively, "Griffin") employ and provide flaggers for operations requiring flaggers such as construction, parking, traffic, and crowd control. *See* TAC. Flaggers protect the public from hazardous conditions and protect workers from traffic and congestion. *Id.* Ex A, ¶¶ 8-9. Defendant Edison "provides electric, gas, and steam to New York City and Westchester County." TAC ¶ 103.

According to the TAC, Griffin provided flaggers for Edison jobs. *Id.* ¶ 101. Specifically, Plaintiffs allege "Griffin and Griffin Security only had one business partner for flagging operations," which was Edison. *Id.* ¶ 102. Edison contracted with Griffin to provide flaggers, and flaggers would be sent to Edison sites for work. *Id.* ¶¶ 106, 109.

Plaintiffs claim that both Edison and Griffin acted as their employer. *Id.* ¶ 107. Plaintiffs reported to Griffin at 6:30 a.m. every morning, and they waited there until they were dispatched to an Edison site for their daily flagging duties. *Id.* ¶ 109. Plaintiffs would sign in with Griffin and sign out with Edison. *Id.* Plaintiffs were required to remain at Edison worksites under the direction of Edison supervisors until the replacement shift arrived to relieve them. *Id.* ¶ 107. The

---

[2] When determining whether to dismiss a case, a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Pursuant to that standard, this recitation of facts is based on Plaintiff's Third Amended Complaint and accompanying submissions. *See* ECF No. 56.

TAC alleges that both Griffin and Edison had the power to, and did in fact, terminate employees for a variety of reasons, including retaliation. *Id.* ¶ 108.

Plaintiffs claim that Defendants Griffin and Edison required Plaintiffs "to work more than 40 hours per work week (60-70 hours per week)" without properly paying them the overtime rate. *Id.* ¶ 110. Defendants shorted Plaintiffs' hours and failed to pay Plaintiffs spread of hours. *Id.* ¶¶ 112, 116. Defendants allegedly failed to pay Plaintiffs minimum wage. *Id.* ¶¶ 72, 79. Defendants also failed to furnish Plaintiffs with notice of employment documents and failed to "maintain and preserve" records. *Id.* ¶ 118.

Aside from the FLSA and NYLL claims, Plaintiffs' TAC alleges that the Corporate Defendants engaged in fraud. *Id.* ¶¶ 179-86. More specifically, Plaintiffs allege that the Corporate Defendants promised them certain benefits if they joined their union, Local 1430. *Id.* Plaintiffs contend that those promises were empty. *Id.* ¶ 181. In conjunction with the alleged fraud, Plaintiffs claim that Defendants also violated Articles 18 and 25-B of the New York State Unemployment Insurance Laws by influencing the New York State Department of Labor's decisions pertaining to unemployment. *Id.* ¶ 189-90.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

## DISCUSSION

Defendant Edison claims that Plaintiffs have failed to plausibly allege that Edison and Defendant Griffin were joint employers. Def.'s Mem. Supp. Mot. 2, ECF No. 59 ("Def's Memo"). In addition, Edison argues that Plaintiffs' claims are deficient and do not meet the pleading standards associated with those claims. *See id.* After careful consideration, this Court finds that Plaintiffs have plausibly alleged joint employment along with violations of the FLSA and NYLL. Plaintiffs' retaliation claim is sufficient as to Plaintiffs Dale, Murray, Jones, and Beacham only. Plaintiffs' remaining claims are not sufficiently supported by the facts alleged in the TAC and are therefore dismissed.

### I. Plaintiffs' Complaint Sufficiently Alleges that Defendants are Joint Employers

To be held liable for violations of the FLSA, a defendant must be an employer of the plaintiff alleging those violations.[3] The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition has been interpreted as one with "striking breadth," so that the provisions

---

[3] The standard for determining employment under the NYLL is "nearly identical" to the standard used under the FLSA. *See Olvera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 207 (S.D.N.Y. 2014) (comparing 29 U.S.C.A. § 203(d) with NYLL § 190(3)).

of the FLSA can have "the widest possible impact in the national economy." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Herman v. PSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

"Whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality." *Olvera*, 73 F.Supp.3d at 205 (citing *Barefield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)). Under the FLSA, a plaintiff may have more than one employer, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act …" 29 C.F.R. § 791.2(a); *see Olvera*, 73 F.Supp.3d at 205.

The Second Circuit promulgated the test for determining 'employer' status in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The four-pronged test asks whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12. While control is an essential aspect of the 'employer' test, "such status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *Herman*, 172 F.3d at 139. Moreover, control may be restricted or only exercised occasionally, while still rendering a defendant as an employer. *See id.* (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988)).

Here, Plaintiffs allege that both Edison and Griffin controlled their employment. TAC ¶ 107. Plaintiffs claim that it was a joint operation – they would sign in and report for work at Griffin, and then they would be assigned to Edison worksites under the control of Edison supervisors. *Id.* ¶ 109. Plaintiffs allege that employees were terminated by both Edison and

Griffin. *Id.* ¶ 108. Plaintiffs allege that they were paid by both Edison and Griffin. *Id.* ¶¶ 72, 79, 110, 112, 116. Additionally, Plaintiffs allege that both Edison and Griffin had the responsibility to maintain employment records for their employees. *Id.* ¶ 118. At this stage, Plaintiffs' TAC sufficiently alleges that Edison and Griffin were joint employers.

**II.    Plaintiffs Have Sufficiently Stated A Claim under FLSA and NYLL**

In 1938, Congress passed the FLSA to ensure fair labor standards that would protect the general well-being of workers. 29 U.S.C. § 201. Among other things, Employers are required to pay their employees minimum wages and set rates for overtime work. 29 U.S.C. §§ 206, 207. To state a minimum wage claim under the FLSA, a plaintiff must allege that (1) she was defendant's employee, (2) her work involved interstate activity, and (3) that she worked hours for which she did not receive minimum and/or overtime wages. *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, *2 (S.D.N.Y. Sept. 16, 2014). In order to allege an FLSA overtime violation, a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Is., Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Like the FLSA, the NYLL requires employers to pay employees set rates for scheduled work as well as overtime work. N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142-2.2, 142-2.4. Additionally, the NYLL requires employers to pay employees a spread of hours as well as prevailing wages. N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.1, 146-1.5; NYLL § 220; *see Pineda v. Tokana Café Bar Restorant Inc.*, 2017 WL 1194242, *5 (S.D.N.Y. March 30, 2017). Further, NYLL § 195 requires employers to provide employees with notice of employment. *Id.*

Here, Plaintiffs allege that they were "paid in a funky, non-IRS approved manner" that paid them $12 per hour with an additional "untaxed $2 per hour." TAC, ¶ 9. In terms of

7

overtime, aside from alleging that they were required to work 60-70 hours per week, Plaintiffs allege that they were paid $20 per hour of overtime worked rather than $21 per hour, and that Defendants' payment strategy "distorted Plaintiffs' paychecks in [Defendants'] favor." *Id.* ¶¶ 10, 110. Plaintiffs also claim that they "worked days that began and ended more than ten (10) hours apart in a single day in violation of New York State Labor Laws." *Id.* ¶ 17. More specifically, Plaintiffs allege they were not paid the agreed upon amount for travel or work time. *Id.* ¶¶ 78, 109, 116. Finally, the TAC alleges that Defendants failed to adhere to disclosure and notice requirements. *Id.* ¶ 118. At this stage, Plaintiffs have satisfied their burden by way of their legally sufficient TAC. Defendant's Motion is denied as to Plaintiffs' FLSA and NYLL claims.

### III.  Four Plaintiffs Sufficiently Allege a Retaliation Claim Against Defendant

The FLSA provides, in part, that it is "unlawful for any person ... to discharge ... any employee because such employee has filed any complaint or instituted ... any proceeding under FLSA." 29 U.S.C. § 215(a)(3); *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). For a Plaintiff to establish a prima facie case of retaliation, they must demonstrate (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit, (2) an employment action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action. *See id.* (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)). "[R]etaliatory animus" is sufficient to establish a causal connection between an adverse action and plaintiff's protected activity. *Id.*

Here, only certain named Plaintiffs have adequately pled a claim for retaliation. Plaintiffs Dwayne Dale and Ismaiyl Jones allege that they were "terminated from Griffin Con in March 2018 in retaliation for joining this [FLSA] lawsuit." TAC ¶ 92; TAC Ex D, ¶¶ 7-8. Plaintiffs Andre Murray and Ayanna Beacham similarly allege that they were terminated "after Griffin

discovered that they had lost the Con Ed contract." *Id.*¶¶ 97, 99. Plaintiffs Staraisha Morris and Raven Moses were "terminated per [Defendant's] instructions for leaving their worksite to use a public restroom," along with other incidents at work. *Id.* ¶¶ 85, 88; *see* TAC Ex A; TAC Ex B, ¶¶ 20-22. Only Plaintiffs Dale, Murray, Jones, and Beacham plausibly allege all three elements required to sustain an FLSA retaliation claim. Plaintiffs Morris and Moses specifically allege that they were terminated for leaving their workstations and violating worksite instructions. Thus, Defendant's Motion is granted as to the retaliation claims alleged by Plaintiffs Morris and Moses. Defendant's Motion is denied as to the retaliation claims alleged by Plaintiffs Dale, Murray, Jones, and Beacham.[4]

### IV. Plaintiff Has Failed to Sufficiently Allege a Fraud Claim Against Defendant

Along with the FLSA and NYLL claims, Plaintiffs assert that Defendants fraudulently induced them into joining a union. TAC ¶¶ 15, 179-86. To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact, (2) which the defendant knew to be false, (3) which the defendant made with the intent to defraud, (4) upon which the plaintiff reasonably relied, and (5) which caused injury to the plaintiff. *Financial Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015) (citing *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006)).

Here, Plaintiffs' allegations do not satisfy those elements. Plaintiffs' caption their FLSA and NYLL claims regarding minimum wage, spread of hours, and overtime as a fraudulent scheme by Defendants. TAC ¶¶ 178-87. Plaintiffs' claim that they "were harmed in myriad ways by numerous frauds," and that Defendants both intended to harm and did harm Plaintiffs "through far too many fraudulent activities and statements." *Id.* ¶¶ 179-80. Plaintiffs mention an

---

[4] The Motion to Dismiss stage is not the suitable time to address class concerns.

"illegal kickback scheme," but fail to expound or provide a factual explanation of the alleged "scheme" beyond the fact that they paid $50 to work for Defendants and $47 dollars to join their union, Defendant Local 1430. *Id.* Ex D, ¶¶ 25-26. These allegations alone are insufficient to meet the standard for fraud outlined above. Thus, Plaintiffs' fraud claim against Defendant Edison is dismissed.[5]

## V. Plaintiff Has Failed to Sufficiently Allege an Insurance Violation Claim

Plaintiffs' final cause of action alleges that Defendants violated Articles 18 and 25-B of the New York State Unemployment Insurance Laws. TAC ¶¶ 188-90. There are no allegations in the TAC that relate to this claim. Thus, it is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **GRANTED** as to Plaintiffs' claims of fraud and violations of New York insurance law. Further, Defendant's Motion is hereby **GRANTED** regarding the retaliation claims alleged by Plaintiffs Morris and Moses only. Defendant's Motion is otherwise **DENIED**.

**SO ORDERED.**

**Dated:** **March 22, 2019**
**New York, New York**

HON. ANDREW L. CARTER, JR.
**United States District Judge**

---

[5] The claims against Defendant Local 1430 will be addressed in a separate Order by the Court