Case 1:18-cv-01200-ALC   Document 73   Filed 05/02/19   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/2/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAVEN MOSES, STARAISHA MORRIS, DWAYNE DALE, ISMAIYL JONES, and ANDRE MURRAY, *individually and on behalf of themselves and all current and former employees*,

                **Plaintiffs,**

-v.-

GRIFFIN INDUSTRIES, LLC, MICHAEL SMITH, *individually*, WINSTON SMITH, *individually*, ADNDREW MUNIZ, *individually*, AARON MUNIZ, *individually*, DANE YEE, *individually*, MARIO LOPEZ, *individually*, GRIFFIN SECURITY SERVICES, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1430, GRANT ASSOCIATES, NIQUE IRVING, SEXTON ALSON, and WORKFORCE 1,

                **Defendants.**

18-CV-1200 (ALC)

**OPINION AND ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Raven Moses, Staraisha Morris, Dwayne Dale, Ismaiyl Jones, Ayana Beacham, and Andre Murray (collectively, "Plaintiffs") bring this putative class action against Defendants Griffin Industries, LLC and Griffin Security Services, Inc., (collectively, "Griffin"), Consolidated Edison Company of New York, Inc. (hereinafter, "Edison"), International Brotherhood of Electrical Workers Local 1430 (hereinafter, "Local 1430"), and Grant Associates (collectively, "Corporate Defendants"), as well as Defendants Michael Smith, Winston Smith, Andrew Muniz, Aaron Muniz, Nique Irving, and Sexton Alston (collectively, "Individual Defendants"). Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), New York

Labor Law ("NYLL"), and New York State Unemployment Insurance Laws. Additionally, Plaintiffs assert fraud claims against Corporate Defendants.[1]

## PROCEDURAL HISTORY

Plaintiffs initiated this case on February 9, 2018. ECF No. 1. Plaintiffs filed their Complaint on February 22, 2018. ECF No. 3. After multiple amendments and conferences, on August 15, 2018, Plaintiffs filed their Third Amended Complaint ("TAC"). ECF No. 56. On August 29, 2018, Defendant Edison filed a Motion to Dismiss along with supporting documents. ECF Nos. 58-59. After considering Plaintiffs' Opposition and Defendant Edison's Reply, on March 22, 2019, the Court issued an Opinion and Order granting Defendant Edison's Motion in part. ECF Nos. 64-66.

On March 22, 2019, Defendant Local 1430 filed a Motion to Dismiss, along with supporting documents.[2] ECF Nos. 67-69. On April 12, 2019, Plaintiffs filed a Letter with the Court requesting that the Court "dismiss the Plaintiffs' Third Amended Complaint against Defendant, International Brotherhood of Electrical Workers Local 1430." ECF No. 71. In light of the Letter from Plaintiffs, Defendant Local 1430's Motion is deemed fully briefed and unopposed.

After careful consideration, Defendant Local 1430's Motion to Dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded

---

[1] For the purpose of judicial efficiency, the Court assumes familiarity with the facts in this case, as outlined in this Court's Order dated March 22, 2019. ECF No. 66.
[2] Defendant Local 1430 initially filed a Motion to Dismiss on September 10, 2018. ECF No. 63. However, due to a docket entry error, Defendant Local 1430 refiled the Motion on March 22, 2019. ECF No. 67.

2

factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

## DISCUSSION

Plaintiffs assert nine claims for relief against Defendants in this case. *See* Compl. The first seven allege various violations of the FLSA and NYLL. *Id*. The eighth claim for relief alleges that Corporate Defendants engaged in fraud in the inducement and fraud in the concealment. *Id*. The ninth claim for relief alleges violations of New York state unemployment insurance laws. *Id*. The TAC is unclear as to which claims for relief apply to Defendant Local 1430. Thus, in an abundance of caution, this Court will address each in turn.

**I.    Plaintiffs Have Failed to Sufficiently Allege that Defendant Local 1430 is an Employer Under the FLSA or NYLL**

To be held liable for violations of the FLSA, a defendant must be an employer of the plaintiff alleging those violations.[3] The FLSA defines an "employer" as "any person acting

---

[3] The standard for determining employment under the NYLL is "nearly identical" to the standard used under the

3

directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Herman v. PSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

"Whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality." *Olvera v. Bareburger Group LLC*, 73 F.Supp.3d 201, 205 (S.D.N.Y. 2014) (citing *Barefield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)). The Second Circuit promulgated the test for determining 'employer' status in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). The four-pronged test asks whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12.

Here, there are no allegations in the Complaint that Defendant Local 1430 is an employer under the FLSA or NYLL. Plaintiffs specifically allege that Defendant Edison and Defendant Griffin were joint employers. TAC. ¶¶ 72, 79, 107-10, 112, 116-18; *see* ECF No. 66. The sole allegations in the Complaint pertaining to Defendant Local 1430 indicate that Local 1430 is a "non-functioning union branch," that "harmed [Plaintiffs] in myriad ways by numerous frauds." *Id.* ¶¶ 15, 179-87. Thus, Plaintiffs' FLSA and NYLL claims against Defendant Local 1430 are dismissed because Plaintiff has failed to allege sufficient facts to give rise to a plausible inference that Defendant Local 1430 is an employer.

## II. Plaintiffs have Failed to Allege Sufficient Facts to Support Their Fraud Claim

Plaintiffs assert that Defendant Local 1430 fraudulently induced them into joining a union. TAC ¶¶ 15, 179-86. To state a claim for fraud under New York law, a plaintiff must

---

FLSA. *See Olvera*, 73 F.Supp.3d at 207 (comparing 29 U.S.C.A. § 203(d) with NYLL § 190(3)).

allege (1) a material misrepresentation or omission of fact, (2) which the defendant knew to be false, (3) which the defendant made with the intent to defraud, (4) upon which the plaintiff reasonably relied, and (5) which caused injury to the plaintiff. *Financial Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015) (citing *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006)). Here, Plaintiffs' allegations do not satisfy those elements. For the reasons outlined in this Court's Order on March 22, 2019, Plaintiffs' fraud claim against Defendant Local 1430 is dismissed. ECF No. 66.

### III. Plaintiffs have Failed to Sufficiently Allege an Insurance Violation Claim

Plaintiffs' final claim for relief alleges that Defendants violated Articles 18 and 25-B of the New York State Unemployment Insurance Laws. TAC ¶ 188-190. There are no allegations in the TAC that relate to this claim. Thus, it is dismissed as to Defendant Local 1430.

### CONCLUSION

For the aforementioned reasons, Defendant Local 1430's Motion to Dismiss is hereby **GRANTED**.

**SO ORDERED.**

**Dated:**    **May 2, 2019**
              **New York, New York**

_____
HON. ANDREW L. CARTER, JR.
United States District Judge