USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RAVEN MOSES,** *individually and on behalf of all others similarly situated,* **et al.,**

        **Plaintiffs,**

-against-

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., ET AL.,**

        **Defendants.**

**18-cv-1200 (ALC)**

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

    Plaintiffs, a group of workers employed as flagmen or flaggers, brought this putative class action against a group of Defendants, including Consolidated Edison of New York ("ConEd"). Plaintiffs allege that Defendant Griffin Industries and Griffin Securities (together, "Griffin") failed to pay their wages at the prevailing rates. They bring suit against ConEd under a joint-employer theory. Magistrate Judge Ona Wang previously granted Plaintiffs motion to conditionally certify a FLSA collective. ECF No. 172.

    Defendant ConEd moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss 116 of the opt-in FLSA plaintiffs. The Court assumes familiarity with the facts of the case. For a full recitation of the facts, see *Moses v. Griffin Indus., LLC*, No. 18-cv-1200-ALC-OTW, 2020 WL 5813737, at *1 (S.D.N.Y. Sept. 30, 2020).

    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" to survive a motion to dismiss pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Defendant argues that FLSA claims of 116 opt-in plaintiffs should be dismissed because their claims are time-barred. Plaintiff appears to argue that dismissal of these plaintiffs would be premature because their class certification motion has not yet been decided. One does not preclude the other. They also argue that discovery is ongoing, but, notably, Plaintiffs do not argue that further discovery would change the employment dates they provided to Defendant.

The FLSA imposes a two–year statute of limitations period for actions brought under that statute unless the defendants' violation was willful. 29 U.S.C. § 255(a). That period may be extended to three years for willful violations. Using the three-year statute of limitations as the outward date, Judge Wang surmised that FLSA claims for plaintiffs who worked for ConEd before July 20, 2017 were time barred. The Court sees no reason to contradict Judge Wang. Given this, the FLSA claims for Plaintiffs who either (i) ceased working for Griffin before July 20, 2017 or (ii) although still employed by Griffin, did not work on a ConEd project after July 20, 2017.

Defendant's motion to dismiss is **GRANTED.** The Clerk of the Court is respectfully directed to terminate ECF No. 603.

**SO ORDERED.**

Dated: September 30, 2022
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**