**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RAVEN MOSES,** *individually and on behalf of all others similarly situated,* **et al.,**

                    **Plaintiffs,**

          -against-

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., ET AL.,**

                    **Defendants.**

**18-cv-1200 (ALC)**

**AMENDED OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

Plaintiffs, a group of workers employed as flagmen or flaggers, brought this putative class action against a group of Defendants, including Consolidated Edison of New York ("ConEd").  Plaintiffs allege that Defendant Griffin Industries and Griffin Services (together, "Griffin") failed to pay their wages at the prevailing rates.  They bring suit against ConEd under a joint-employer theory.  Magistrate Judge Ona Wang previously granted Plaintiffs' motion to conditionally certify an FLSA collective.  ECF No. 172.

Defendant ConEd moves to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, several of the opt-in FLSA plaintiffs.[1]  The Court assumes familiarity with the facts of the case.  For a full recitation of the facts, see *Moses v. Griffin Indus., LLC*, No. 18-cv-1200-ALC-OTW, 2020 WL 5813737, at *1 *S.D.N.Y. Sept. 30, 2020).

---

[1] In its pre-motion conference letter, Defendants sought to dismiss 116 plaintiffs. In the motion, Defendants sought to dismiss 121 plaintiffs.  Due to an editing error, the Court's prior order, dated September 30, 2022, was not clear as to whether the claims that were dismissed belonged to 116 plaintiffs, 121 plaintiffs, or another number, based on plaintiffs' discovery that some plaintiffs, previously thought to have untimely claims, have claims that are not time barred.  This amended order is being issued pursuant to Rule 60(a) to clarify the prior order.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" to survive a motion to dismiss pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550, U.S. at 556).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  When ruling on a Rule 12 (b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor."  *I e.g., Faber v. Metro Life Ins. Co*., 648 F.3d 98, 104 (2d Cir. 2011).

Defendant argues that the FLSA claims of several opt-in plaintiffs should be dismissed because their claims are time-barred.  Plaintiff appears to argue that dismissal of these plaintiffs would be premature because their class certification motion has not yet been decided.  One does not preclude the other.

The FLSA imposes a two-year statute of limitations period for actions brought under that statute unless the defendants' violation was willful.  29 U.S.C. § 255(a).  That period may be extended to three years for willful violations.  Using the three-year statute of limitations as the outward date, Magistrate Judge Wang surmised that FLSA claims for plaintiffs who worked for ConEd before July 20, 2017 were time barred.  The Court sees no reason to contradict Judge Wang.  Given this, the FLSA claims for Plaintiffs who either (i) ceased working for Griffin before July 20, 2017 or (ii) although still employed by Griffin, did not work on a ConEd project

2

after July 20, 2017 are dismissed as time barred.  To be clear, the Court dismisses the claims of

those people who did not perform flagging work through Griffin for ConEd on or after July 20,

2017.


Defendant's motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed

to terminate ECF No. 603.  This amended order is issued pursuant to Rule 60(a) and supersedes

the prior order at ECF 650.



**SO ORDERED.**

Dated:     December 21, 2022                                    **/s/ Andrew L. Carter, Jr.**
           New York, New York                                 **ANDREW L. CARTER, JR.**
                                                              **United States District Judge**