## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEN MOSES, STARAISHA MORRIS, DWAYNE DALE, ISMAIYL JONES, AYANNA BEACHAM, ANDRE MURRAY, VICTOR BALLAST, and LUIS SIMONE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          - against -<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., GRIFFIN INDUSTRIES, LLC, GRIFFIN SECURITY SERVICES, MICHAEL SMITH, WINSTON SMITH, ANDREW MUNIZ, and AARON MUNIZ,<br><br>                    Defendants. | Civil Action No.<br>1:18-CV-01200-ALC-OTW |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion for Preliminary Approval").

### I.    Background and Procedural History

1.      The parties' proposed settlement resolves all claims in the action entitled *Raven Moses, et al. v. Consolidated Edison Company of New York, Inc.*, 1:18-CV-01200-ALC-OTW, pending in the Southern District of New York.

2.      Named Plaintiffs Raven Moses, Staraisha Morris, Dwayne Dale, Ismaiyl Jones, Ayanna Beacham, Andre Murray, Victor Ballast and Luis Simone ("Named Plaintiffs"), suing on behalf of themselves and a Class and Collective (both previously certified, Dkt. Nos. 172, 678), claim that they are allegedly construction flaggers who performed flagging work on public streets, roadways, and sidewalks in New York City and New York State.  The Defendants are Consolidated

Edison Company of New York, Inc. ("Con Edison") and Griffin Industries, LLC, Griffin Security Services, Michael Smith, Winton Smith, Andrew Muniz and Aaron Muniz (collectively, excluding Con Edison, the "Griffin Defendants" and with Con Edison, "Defendants").

3.      Plaintiffs are flaggers who were employed by Griffin on Con Edison worksites throughout New York state. They allege that Defendants failed to pay due wages for all hours worked, including prevailing wages under New York common law, regular wages and overtime wages pursuant to the New York Labor Law ("NYLL") §§ 650, *et seq.* and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and failed to provide adequate wage notices and wage statements as required under NYLL.

4.      On February 9, 2018, Plaintiffs Raven Moses, Staraisha Morris, Dwayne Dale, Ismaiyl Jones, Ayanna Beacham and Andre Murray commenced this action as a collective action under the FLSA by filing a Collective Action Complaint. (Dkt. No. 1, hereinafter the "Initial Complaint"). On April 25, 2018, Plaintiffs filed an Amended Complaint. Dkt. No. 24. Con Edison moved to dismiss the Complaint. Dkt. Nos. 26-27. After the motion was fully briefed, but before a decision was issued, Plaintiffs, with the Court's leave, filed the Third Amended Complaint ("TAC") on August 10, 2018. Dkt. Nos. 55, 56.[1]

5.      On August 18, 2018, Con Edison moved to dismiss the Third Amended Complaint. Dkt. Nos. 58, 59. On September 12, 2018, Plaintiffs opposed the motion (Dkt. No. 64) and, on September 23, 2018, Con Edison replied. Dkt. No. 65. On March 22, 2019 the Court denied dismissal of the Third Amended Complaint and granted the motion only as to fraud and insurance claims and the individual retaliation claims of two plaintiffs. Dkt. 66.

---

[1] Subsequently, claims against certain former defendants were dismissed. On May 2, 2019, the Court dismissed the claims against the International Brotherhood of Electrical Workers Local 1430. Dkt. No. 73. On July 27, 2019, claims against Nique Irving and Workforce 1 were voluntarily dismissed. Dkt. No. 98. On March 1, 2022, the claims against Sexton Alston, Dana Yee and Mario Lopez were voluntarily dismissed. Dkt. No. 628.

6.     On April 17, 2020, Named Plaintiffs Victor Ballast and Luis Simone filed a complaint in the United States District Court for the Southern District of New York, captioned *Ballast, et al. v. Griffin Industries LLC, et al.*. This action was consolidated with this Action and a consolidated amended complaint (Dkt. No. 160 [Amended Complaint]) was filed on July 29, 2020.

7.     On September 30, 2020, after contested motion practice, the Court granted Plaintiffs' motion for conditional certification of an FLSA collective. Dkt. No. 172.

8.     The Griffin Defendants timely filed an Answer to the Amended Complaint on October 12, 2020 (Dkt. No. 174), disputing the material allegations and denying any liability or damages in the amended class and collective action, and asserting affirmative defenses.

9.     Con Edison timely filed an Answer to the Amended Complaint, denying all material allegations and claims asserted therein on October 14, 2020. Dkt. No. 175.

10.    On December 14, 2021, Defendant Con Edison moved to dismiss the claims of 121 of the members of the Collective (Dkt. No. 603 and 604), on January 11, 2022, Plaintiffs opposed that motion (Dkt. Nos. 612 and 613), and briefing on the motion was completed as of January 25, 2022 (Dkt. No. 616). On September 30, 2022, the court granted that motion, holding that only people with evidence that they flagged through Griffin on Con Edison jobs on or after July 20, 2017 were members of the Collective. Dkt. No. 650.

11.    On April 9, 2021, the sole owner of the Griffin entities, Defendant Michael Smith, filed for bankruptcy in the Southern District of New York. S.D.N.Y. Bankr., 21-22203. Mr. Smith's liabilities were discharged in bankruptcy as of April 12, 2022.

3

12.     On September 30, 2021, Plaintiffs moved for Rule 23 class certification of the New York state claims. (Dkt. Nos. 584, *et seq.*).  After the motion was fully briefed, the Court granted the motion and certified a Rule 23 class. Dkt. No. 678.

13.     On May 15, 2023, Con Edison moved for partial summary judgment, asserting that all claims against it based upon its being a joint employer with Griffin must be decided against Plaintiffs (Dkt. Nos. 685-691).  Plaintiffs opposed that motion  (Dkt. Nos. 694 *et seq*).  On March 28, 2024, the Court granted Con Edison's motion for partial summary judgment (Dkt. No. 736), and disposed of Plaintiffs' claims against Con Edison that were based upon joint employer status, which included all FLSA and NYLL claims against it.  Subsequently, the Court amended its order to reinstate Plaintiffs' breach of contract claim for unpaid prevailing wages, as that claim did not depend upon Con Edison's status as a joint employer.  While summary judgment briefing was pending, Con Edison and the Plaintiffs exchanged expert reports on or about January 22, 2024.

14.     At numerous points in the litigation, Plaintiffs and Con Edison participated in settlement conferences and discussions with the Court, including pre-settlement conferences held in September 2019, pre-settlement conferences held between March and August 2022, a settlement conference held September 19, 2022 (Minute Entry dated Oct. 3, 2022) and a series of settlement discussions held via telephone beginning June 26, 2024 (Minute Entries dated July 9, 2024, Aug. 7, 2024, Oct. 1, 2024, and Oct. 30, 2024).  Finally, on or about October 21, 2024, Plaintiffs and Con Edison reached a resolution in principle to resolve this Action on a class and collective-wide basis for all persons employed by Griffin at any time from February 9, 2012 through March 31, 2023 who worked as flaggers at any Con Edison work site in the state of New York (the "Settlement Class").  All remaining claims, including claims against the Griffin Defendants, will be resolved by this Settlement.

4

## II.    Preliminary Approval of Settlement

15.    Based upon the Court's review of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Manifold Declaration as **Exhibit B,** Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Betsy C. Manifold ("Manifold Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court finds on a preliminary basis, that the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced judge, specifically Magistrate Judge Ona T. Wang; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.    Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

16.    The Settlement Agreement creates a fund of $725,000.00 to settle this Action (the "Gross Settlement Amount") as well as up to $30,000 for cost of publication of notice (the "Notice Amount").    ¶¶ 1.15, 1.18.[2]    It provides a Gross Settlement Amount from which to make all payments to participating claimants, service awards, attorneys' fees and costs, and administration fees and costs (other than publication of Notice, which is covered by the Notice Amount). *Id.* It states that after subtraction of attorneys' fees and costs, service awards for the Named Plaintiffs, settlement administration costs, and other costs, expenses, fees, or other distributions associated with the settlement, the remaining funds (the "Net Settlement Fund") will be allocated among the participating Class Members. ¶¶ 1.18, 3.3.

---

[2] References to "¶ __" are, unless otherwise indicated, references to the Settlement Agreement submitted as Exhibit B to the Declaration of Betsy C. Manifold in Support of Preliminary Approval of Settlement

17.    The Settlement Agreement is the result of arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. It was reached with the assistance of the Court ; the Court aided the parties with settlement negotiations, presided over a full-day settlement conference session, and led numerous telephonic negotiations, which were instrumental in reaching the proposed Settlement. This reinforces the non-collusive nature of the settlement.

18.    The Parties engaged in extensive and meaningful discovery prior to reaching their proposed Settlement.  This discovery was sufficient to enable them to assess the strengths and weaknesses of their positions when assessing the Settlement terms.

19.    The Court finds, on a preliminary basis, that relief provided for in the Settlement Agreement is fair and adequate, taking into account the costs, risks and delay of further litigation and trial, the effectiveness of distributing relief to Class Members, and the terms of the attorneys' fee payment.  The total amount of the Settlement represents a reasonable percentage of Named Plaintiffs and Class Members' calculated damages, which is contested by Defendants, and will be allocated by a formula that takes into account the relative strength and weaknesses of each Class Members' claims.  Further litigation of this matter would require expenditure of significant additional time and judicial resources.  Throughout the pendency of the litigation, Defendants raised a number of defenses as to liability, class certification and damages that, if proven, could substantially reduce Named Plaintiffs' and Class Members' damages or preclude any recovery whatsoever.  In addition, the Court has decided a motion for partial summary judgment in Defendant Con Edison's favor, which presents additional obstacles to Plaintiffs' recovery.

20.    The Settlement Agreement provides for the parties and the Settlement Claims Administrator to take reasonable measures to locate Class Members, such that distribution will

occur in a fair fashion. The attorneys' fees provision of the Settlement Agreement appears at this stage to be fair, and in any event, the Court will review Plaintiffs' application for attorneys' fees in greater detail when Plaintiffs move for final approval of the Settlement.

21.    As detailed further below, the Court finds that Plaintiffs have adequately represented the Class and Collective and that Plaintiffs' counsel is well-versed in this type of litigation and has adequately and zealously represented the Class's and Collective's interests.

22.    Plaintiffs' Counsel have represented that the parties have entered into no other agreements other than the Settlement Agreement pertaining to resolution of this matter governing attorneys' fees or any other costs or payment.

23.    The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval.

24.    Accordingly, all relevant factors suggest at this stage that final approval is probable, following the distribution of Notice, briefing of Plaintiffs' anticipated motion for final approval and a fairness hearing.

25.    Therefore, notice to the Class is appropriate.

**III.    Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes**

26.    Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See, e.g., Westerfield v. Washington Mut. Bank,* No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 54553 (E.D.N.Y. June 26, 2009) (conditionally certifying a multi-state wage and hour settlement class and granting preliminary approval to nationwide wage and hour settlement).

27.     This Court has previously certified a Class in this matter.  The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23, for settlement purposes (the "Settlement Class"):

> All persons employed by the Griffin Defendants at any time from
> February 9, 2012 through March 31, 2023 who worked as flaggers
> at any Con Edison work site in the state of New York.

28.     On the same bases as its prior certification, this Court finds that Plaintiffs and the proposed settlement Class (which includes all eligible Collective members) meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification:

a.  Plaintiffs have demonstrated that the Settlement Class is ascertainable, as the Class is clearly defined and Class Members are easily identifiable from the Griffin Defendants' records. *See Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 354 (W.D.N.Y. 2014).

b.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than 700 Settlement Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

c.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because the Named Plaintiffs and the Settlement Class Members share common issues of fact and law, *Chambery v. Tuxedo Junction*, 2014 U.S. Dist. LEXIS 101939, at *11-12 (W.D.N.Y. July 25, 2014).

d.  Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because the Named Plaintiffs' claims for unpaid wages and wage statement and wage notice damages

arise from the same factual and legal circumstances that form the bases of the Settlement Class Members' claims. *See Chambery*, 2014 U.S. Dist. LEXIS 101939 at *12.

e. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because the Named Plaintiffs' interests are not antagonistic or at odds with the Settlement Class Members. *See Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007); *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (internal quotations and citations omitted). Plaintiffs' counsel also meet the adequacy requirement of Rule 23(a)(4) because they are experienced employment litigators and have substantial experience handling large scale wage and hour class and collective actions.

29. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. *See Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 108 (2d Cir. 2007); *Flores v. Anjost Corp.*, No. 11-cv-1531, 2014 U.S. Dist. LEXIS 11026 at *9 (S.D.N.Y. Jan. 28, 2014). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources, as all Class Members' claims arise in this district, and it is more efficient for the Settlement Class Members, particularly those who lack the resources and familiarity with the American legal system, to bring their claims individually. *Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 379 (W.D.N.Y. 2016).

30.     The Court has also previously certified a collective in this Action.  The Collective as clarified by the Court's September 30, 2022 order (Dkt. No. 650) consists of persons who flagged through Griffin on Con Edison jobs on or after July 20, 2017.  Eligible members of the Settlement Collective are a subset of the Settlement Class.  The Settlement Collective is hereby given final approval on the same basis as the Settlement Class.

31.     The "standard for approval of an FLSA settlement is lower than for a class action under Rule 23." *Guaman v. Ajna-Bar NYC*, 2013 U.S. Dist. LEXIS 16206, at *15 (S.D.N.Y. Feb. 5, 2013) Courts approve FLSA settlements when "they are reached as a result of contested litigation to resolve *bona fide* disputes," which can be determined from the "adversarial nature of a litigated FLSA case" and whether "the proposed FLSA settlement reflects a reasonable compromise over contested issues." *Id.* at *15-16.

32.     As Plaintiffs have satisfied the Rule 23 class certification factors for the Settlement Class and this Settlement represents a reasonable compromise as a result an arm's-length negotiation between experienced counsel, the Class is certified for Settlement purposes.

**V.     Appointment of Plaintiffs' Counsel as Class Counsel**

33.     Plaintiffs' Counsel performed substantial work identifying, investigating, litigating and settling Plaintiffs' and the Class Members' claims.

34.     Plaintiffs' Counsel are skilled and experienced employment class action lawyers. The firms have extensive experience prosecuting and settling wage and hour class and collective actions. (Manifold Decl., Exs. E-G). The work that Plaintiffs' Counsel has performed both in litigating and settling these cases demonstrates their commitment to the Class and to representing the Class's interests.

35.     The Court therefore appoints Pelton Graham LLC, Wolf Haldenstein Adler Freeman & Herz LLP, and George Peters ("Plaintiffs' Counsel") as Settlement Class Counsel because these three firms meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

## VI.    Notice

36.     The Court approves the long form Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing attached to the Manifold Declaration as **Exhibit C** and the Publication Notice attached to the Manifold Declaration as **Exhibit E** (collectively the "Proposed Class Settlement Notice"), as well as the proposed Claim Form (Manifold Declaration **Exhibit D**).

37.     The content of the Proposed Class Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B).

38.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

39.    The Proposed Class Settlement Notice fulfills each of these requirements and adequately puts Class Members on notice of the proposed settlement; notifies Class Members of their rights and the procedures to seek payment from the settlement, opt-out, object or appear through an attorney of their own choosing; and informs Class Members of the binding effect of judgment if they do not opt-out of the Settlement.  The Proposed Class Settlement Notice also describes the terms of the settlement, sets forth the scope of the release of claims, informs the Class Members about the requested attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

40.    The Proposed Class Settlement Notice is reasonable and constitutes due, adequate, and sufficient notice to the Class Members.

41.    Mail service of the long form Notice and publication of the Publication Notice is reasonable and appropriate, as many of the Class Members could have limited internet and email address.

42.    Neither this order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under FRCP 23, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.

43.    In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect of failure to obtain final approval.

44.    With the exception of the deadlines set forth herein and necessary for the administration of the Settlement, all case management deadlines in this case are hereby STAYED pending the Fairness Hearing.

45.    The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *see* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04-Civ-8819, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

    a.    Within five (5) days of the issuance of the Preliminary Approval Order, Plaintiffs will provide the Settlement Claims Administrator with a list, in electronic form, substantially similar to the list produced by the Griffin Defendants and used by Plaintiffs to mail the Notice of Class Action to Class Members on or about September 15, 2023 and updated with addresses received pursuant to that prior mailing, as well as certain additional individuals who filed forms opting into the Collective but may not be part of the Class, which shall contain the following information to the extent it is in the possession of the Parties: (a) first and last name of each Settlement Class Member; (b) social security number of each Settlement Class Member, if available; (c) the last known address, and any former addresses, if available, of each Settlement Class Member; and (d) email address, if available, of each Settlement Class Member.

    b.    Within five (5) days of the issuance of the Preliminary Approval Order Plaintiffs will also provide to the Claims Administrator Plaintiffs' expert report, containing information provided by Defendants about the number of weeks each Settlement Class Member provided flagging services through Griffin at a Con Edison worksite in New York City and the number of weeks they did such work outside of New York City.

    c.    Within ten (10) days of the issuance of the Preliminary Approval Order, Defendant Con Edison will transfer Costs for publication of the Summary Settlement Notice of up to Thirty-Thousand Dollars ($30,000.00). Such costs are non-refundable.

    d.    Within twenty-one (21) days of receiving the Class List from Plaintiffs, the Settlement Claims Administrator will mail to all Class Members, via First

Class United States Mail, the Proposed Class Settlement Notice and Claim Forms, and an IRS Form W9.

e.   In addition to mailing the Settlement Class Notice, within twenty-one (21) days of the issuance of the Preliminary Approval Order, the Settlement Claims Administrator shall also cause to be published the Summary Settlement Notice for a period of at least one day a week, for two consecutive weeks, in the amNew York and El Diario La Prensa, and one day for one week, in Newsday, in the "Legal Notices" or similar sections of each publication.

f.   Class Members will have sixty (60) days after the Settlement Claim Administrator's mailing of the Proposed Class Settlement Notice to submit an opt-out statement and/or to object to the settlement.

g.   The Court will hold a final fairness hearing on March 10, 2026 at 10:00 AM [insert date approximately 120 days from Preliminary Approval Order] at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 20 D New York, New York 10007.

h.   No later than thirty (30) days prior to the Fairness Hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, which shall also seek the payment of attorneys' fees and costs, settlement claims administration costs and service awards.

46.   At the final fairness hearing, the following will be given final consideration:

a.   whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b.   whether the proposed Plan of Allocation for the distribution of the Settlement Fund is fair and reasonable and should be approved by the Court;

c.   whether the application of Plaintiffs' Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs should be granted;

d.   Settlement Class Members' objections to the Settlement, Plan of Allocation or application for attorneys' fees and expenses; and

e.   such other matters as the Court may deem appropriate.

47.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter the New York Judgment approving the Settlement and dismissing the Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

## VI.     Notice to Federal and State Regulators

48.     The Court has reviewed the Settlement Agreement's provisions providing for the issuance of notice to federal and state regulators, as required by the Class Action Fairness Act, as codified at 28 U.S.C. § 1715.  The form and the contents of, and information provided in the notices set forth in the Settlement Agreement to federal and state regulatory officials, and the identity of the officials to whom those notices were sent is reasonable, proper, and meets the requirements of 28 U.S.C. § 1715.  Therefore, supplemental or additional notices need not be provided pursuant to 28 U.S.C. § 1715.

## VII.    Continuing Jurisdiction

49.     This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the settlement agreement or this preliminary approval order and to assure the effectuation of the settlement agreement for the benefit of the settlement class.

It is so ORDERED this 7th day of November, 2025.


Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York