UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEN MOSES, STARAISHA MORRIS, DWAYNE DALE, ISMAIYL JONES, AYANNA BEACHAM, ANDRE MURRAY, VICTOR BALLAST, and LUIS SIMONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>- against -<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., GRIFFIN INDUSTRIES, LLC, GRIFFIN SECURITY SERVICES, MICHAEL SMITH, WINSTON SMITH, ANDREW MUNIZ, and AARON MUNIZ,<br><br>Defendants. | Civil Action No.<br>1:18-CV-01200-ALC-OTW |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Revised Class Action Settlement ("Motion for Preliminary Approval of Revised Settlement") filed at Dkt. No. 811.

## I. Background and Procedural History

1. The parties' proposed settlement resolves all claims in the action entitled *Raven Moses, et al. v. Consolidated Edison Company of New York, Inc.*, 1:18-CV-01200-ALC-OTW, pending in the Southern District of New York.

2. The relevant procedural background of this Action and the parties' settlement thereof is set forth in detail at Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. Nos. 447 *et seq.*, the "2025 Preliminary Approval Motion") and is not repeated here. All terms defined therein are deemed to have the same meaning in the present Order.

3. On February 9, 2018, Plaintiffs Raven Moses, Staraisha Morris, Dwayne Dale, Ismaiyl Jones, Ayanna Beacham and Andre Murray commenced this action as a collective action under the FLSA by filing a Collective Action Complaint. (Dkt. No. 1, hereinafter the "Initial Complaint").

4. On April 17, 2020, Named Plaintiffs Victor Ballast and Luis Simone filed a complaint in the United States District Court for the Southern District of New York, captioned *Ballast, et al. v. Griffin Industries LLC, et al.*. This action was consolidated with this Action and a consolidated amended complaint, the operative pleading (Dkt. No. 160 [Amended Complaint]) was filed on July 29, 2020.

5. Following several settlement discussions held in 2024, Plaintiffs and Con Edison reached a resolution in principle to resolve this Action on a class and collective-wide basis (the "Original Settlement").

6. On June 27, 2025, Plaintiffs filed the 2025 Preliminary Approval Motion. (Dkt. Nos. 774, *et seq.*).

7. On November 10, 2025, the Court granted preliminary approval of the Original Settlement. (Dkt. No. 780).

8. On November 18, 2025, Plaintiffs filed a letter motion requesting a conference regarding a dispute that had arisen between the parties regarding the scope of the released claims. (Dkt. No. 781).

9. This Court referred the matter to Magistrate Judge Gary Stein for settlement purposes, and the parties participated in a settlement conference before Judge Stein on May 28, 2026. (*See* Minute Entry dated May 28, 2026).

10. The parties made significant progress toward reaching a revised settlement at the May 28, 2026 conference and reached a resolution in principle on or about June 3, 2026.

11. On September 25, 2026, Plaintiffs filed the Motion for Preliminary Approval of the Revised Settlement, attaching the revised settlement agreement (the "Revised Settlement Agreement"). (Dkt. No. 811, Ex. A ["Revised Sttmt. Agmt."]).

12. As set forth in Plaintiffs' letter in support of the Motion for Preliminary Approval of the Revised Settlement, most of the terms of the Revised Settlement Agreement are unchanged from the Original Settlement Agreement.

13. The Revised Settlement Agreement made two (2) principal changes to the Original Settlement Agreement. First, the Settlement Amount was changed from $725,000.00 to $615,000.00. Both the Original and Revised Settlement Agreements provide for Con Edison to pay an additional amount of up to $30,000.00 for publication of Summary Class Notice in New York newspapers. (Revised Sttmt. Agmt. § 1(a). Second, the Released Settlement Class Claims now encompass:

> Any and all claims for any wage and hour violations that may have occurred arising from or relating to each Settlement Class Members' flagging work performed through Griffin on Con Edison worksites in the State of New York during their employment with the Griffin Defendants from February 9, 2012 in connection with Blanket Purchase Agreement 4575628 between Con Edison and any of the Griffin Defendants bearing an effective start date of September 1, 2015, and amended from time to time thereafter through on or about March 31, 2023 (the "Settlement Class Period"), as such claims arise under New York State and/or local law […]

(*Id.* § 3(b)).

14. In addition, a minor change was made to the terms for publication of the Summary Class Notice. (Revised Sttmt. Agmt. § 1(c)).

15. Terms as to Service Awards, Class Counsel's attorney-fee requests are unchanged, and the calculation method for Class Member allocations are unchanged. (*Id.*

§§ 2(b), 2(f), 1(d)). Plaintiffs made a slight reduction to the estimated litigation costs and provided an estimate of the expected settlement administration costs. (*Id.* § 2(e), 2(d)).

**II. Preliminary Approval of the Revised Settlement**

16. The Court previously granted preliminary approval of the Original Settlement, finding the settlement fair, reasonable and adequate on preliminary basis, and approving the Class Notice materials for distribution and publication. (Dkt. No. 780).

17. Based upon the Court's review of the settlement memorialized in the Revised Settlement Agreement, attached to the Motion for Preliminary Approval of Revised Class Action Settlement, as well as all papers submitted in connection with the 2025 Preliminary Approval Motion, the Court finds on a preliminary basis, that the Settlement appears to be fair, reasonable, and adequate. The Revised Settlement: (a) resulted from arm's-length negotiations overseen by an experienced judge, specifically Magistrate Judge Gary Stein; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court hereby preliminarily approves the Revised Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

18. The Settlement Agreement creates a fund of $615,000.00 to settle this Action (the "Gross Settlement Amount") as well as up to $30,000 for cost of publication of notice (the "Notice Amount"). (Revised Sttmt. Agmt. § 1(a)). Except for the change to the Settlement Amount, all terms as to payments made from the Gross Settlement Amount are unchanged from the Original Settlement.

19. The Revised Settlement Agreement is the result of arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. It was reached with the assistance of the Court ; the Court aided the parties with settlement negotiations,

presided over a full-day settlement conference session, and followed up by e-mail, all of which were instrumental in reaching the proposed Revised Settlement. This reinforces the non-collusive nature of the settlement.

20. As the Court has previously found, the Parties engaged in extensive and meaningful discovery and motion practice prior to reaching the Revised Settlement.

21. As the Court has previously found, the Court now finds, on a preliminary basis, that relief provided for in the Settlement Agreement is fair and adequate, taking into account the costs, risks and delay of further litigation and trial, the effectiveness of distributing relief to Class Members, and the terms of the attorneys' fee payment. The reduction of the Settlement Amount is fair and reasonable in light of the parties' dispute regarding the scope of the Released Settlement Class Claims. Taking into consideration the revised Settlement Amount, the Court finds that the total amount of the Settlement represents a reasonable percentage of Named Plaintiffs and Class Members' calculated damages, as previously held with regards to the Original Settlement.

22. The provisions of the Revised Settlement pertaining to Class Notice and distribution are unchanged. As such, the Court approves these terms.

23. The attorneys-fee provisions are unchanged and thus approved on a preliminary basis. The Court will review Plaintiffs' application for attorneys' fees in greater detail when Plaintiffs move for final approval of the Settlement.

24. As detailed further below, the Court finds that Plaintiffs have adequately represented the Class and Collective and that Plaintiffs' counsel is well-versed in this type of litigation and has adequately and zealously represented the Class's and Collective's interests.

25. Plaintiffs' Counsel have represented that the parties have entered into no other agreements other than the Revised Settlement Agreement pertaining to resolution of this matter governing attorneys' fees or any other costs or payment.

26. The Court concludes that the proposed Revised Settlement Agreement is within the range of possible final settlement approval.

27. Accordingly, all relevant factors suggest at this stage that final approval is probable, following the distribution of Notice, briefing of Plaintiffs' anticipated motion for final approval and a fairness hearing.

28. Therefore, notice to the Class is appropriate.

## III. The Settlement Class and Settlement Collective

29. This Court has provisionally certified a Rule 23 Settlement Class, finding the requirements of Fed. R. Civ. P. 23(a) and (b)(3) satisfied. No change is made to this prior holding.

30. This Court has previously approved the Settlement Collective as a subset of the Settlement Class. No change is made to this prior holding.

## V. Appointment of Plaintiffs' Counsel as Class Counsel

31. This Court previously appointed Pelton Graham LLC, Wolf Haldenstein Adler Freeman & Herz LLP, and George Peters as Settlement Class Counsel. No change is made to this prior holding.

## VI. Notice

32. The Court approves the long form Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, the Claim Form, and the Publication Notice attached to the Motion for Preliminary Approval of the Revised Class Settlement attached to the Revised Settlement Agreement as Exhibits 1-3 (collectively the "Revised Class Settlement Notice Materials").

33. The content of the Proposed Class Settlement Notice Materials is largely unchanged from the Proposed Class Settlement Notice materials previously approved, modified only to reflect the differences between the Original Settlement and Revised Settlement Agreement. As the Court previously approved the Proposed Class Settlement Notice filed in connection with the Original Settlement Agreement, the Court now finds that the content of the Proposed Class Settlement Notice Materials fully complies with due process and Federal Rule of Civil Procedure 23(c)(2)(B) and is reasonable and constitutes due, adequate, and sufficient notice to the Class Members. The Court further affirms that mail service and newspaper publication is reasonable and appropriate.

34. Neither this order, the Revised Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under FRCP 23, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.

35. In the event that final approval of the Revised Settlement Agreement does not occur or is deemed null and void, this Order and the Revised Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect of failure to obtain final approval.

36. With the exception of the deadlines set forth herein and necessary for the administration of the Settlement, all case management deadlines in this case are hereby STAYED pending the Fairness Hearing.

37. The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class

action settlements, *see* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq*.; *Damassia v. Duane Reade*, No. 04-Civ-8819, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

a. Within five (5) days of the issuance of the Preliminary Approval Order, Plaintiffs will provide the Settlement Claims Administrator with a list, in electronic form, substantially similar to the list produced by the Griffin Defendants and used by Plaintiffs to mail the Notice of Class Action to Class Members on or about September 15, 2023 and updated with addresses received pursuant to that prior mailing, as well as certain additional individuals who filed forms opting into the Collective but may not be part of the Class, which shall contain the following information to the extent it is in the possession of the Parties: (a) first and last name of each Settlement Class Member; (b) social security number of each Settlement Class Member, if available; (c) the last known address, and any former addresses, if available, of each Settlement Class Member; and (d) email address, if available, of each Settlement Class Member.

b. Within five (5) days of the issuance of the Preliminary Approval Order Plaintiffs will also provide to the Claims Administrator Plaintiffs' expert report, containing information provided by Defendants about the number of weeks each Settlement Class Member provided flagging services through Griffin at a Con Edison worksite in New York City and the number of weeks they did such work outside of New York City.

c. Within ten (10) days of the issuance of the Preliminary Approval Order, Defendant Con Edison will transfer Costs for publication of the Summary Settlement Notice of up to Thirty-Thousand Dollars ($30,000.00). Such costs are non-refundable.

d. Within twenty-one (21) days of receiving the Class List from Plaintiffs, the Settlement Claims Administrator will mail to all Class Members, via First Class United States Mail, the Proposed Class Settlement Notice and Claim Forms, and an IRS Form W9.

e. In addition to mailing the Settlement Class Notice, within twenty-one (21) days of the issuance of the Preliminary Approval Order, the Settlement Claims Administrator shall cause to be published the Summary Class Notice for a period of at least one (1) day a week, for three (3) alternating weeks, in amNew York and El Diario La Prensa, for one (1) day for one (1) week, in Newsday, in the "Legal Notices" or similar sections of each publication.

f. Class Members will have sixty (60) days after the Settlement Claim Administrator's mailing of the Proposed Class Settlement Notice to submit an opt-out statement and/or to object to the settlement.

g. The Court will hold a final fairness hearing on **March 10, 2027 at 10:00 A.M.** at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom **20D**, New York, New York 10007.

h. No later than thirty (30) days prior to the Fairness Hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, which shall also seek the payment of attorneys' fees and costs, settlement claims administration costs and service awards.

38. At the final fairness hearing, the following will be given final consideration:

a. whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b. whether the proposed Plan of Allocation for the distribution of the Settlement Fund is fair and reasonable and should be approved by the Court;

c. whether the application of Class Counsel for an award of attorneys' fees and expenses, and any application for an award to the Plaintiffs should be granted;

d. Settlement Class Members' objections to the Settlement, Plan of Allocation or application for attorneys' fees and expenses; and

e. such other matters as the Court may deem appropriate.

39. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members, and reserves the right to approve the Revised Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter the New York Judgment approving the Settlement and dismissing the Third Amended Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

**VI. Notice to Federal and State Regulators**

40. The Court has reviewed the Settlement Agreement's provisions providing for the issuance of notice to federal and state regulators, as required by the Class Action Fairness Act, as codified at 28 U.S.C. § 1715. The form and the contents of, and information provided in the notices set forth in the Settlement Agreement to federal and state regulatory officials, and the identity of the officials to whom those notices were sent is reasonable, proper, and meets the requirements of 28 U.S.C. § 1715. Therefore, supplemental or additional notices need not be provided pursuant to 28 U.S.C. § 1715.

**VII. Continuing Jurisdiction**

41. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the settlement agreement or this preliminary approval order and to assure the effectuation of the settlement agreement for the benefit of the settlement class.

It is so ORDERED this FOURTH day of NOVEMBER, 2026.

Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York